OCTOBER AND NOVEMBER TERM, 1881, No. 287.

## Bell *versus* Lafferty.

The holder of certificates of stock in a corporation, which were delivered to him with powers of attorney, signed in blank by the owner, as collateral security, but which stock was not transferred on the books of the company, cannot recover from the trustee of the company the amount of a dividend of its assets paid *bona fide,* and without notice, to a third party, who produced a later assignment of the dividend from the owner without the certificates.

ERROR to the Court of Common Pleas, No. 1, of *Allegheny County.*

Assumpsit by James M. Bell, trustee of the Western Savings Bank, against Hugh Lafferty.

The following case was stated for the opinion of the Court below, in the nature of a special verdict :

On November 1st, 1873, the South Side Fire Insurance Company, a corporation under the laws of Pennsylvania, doing business in the city of Pittsburgh, issued three certificates of stock to John Brown, two for twenty shares each, and one for ten shares, in the following form :

THE SOUTH SIDE INSURANCE COMPANY.

Number 73.                                            Shares, 20.

*This is to certify,* That John Brown, Esq., is entitled to twenty shares of one hundred dollars each in the capital stock of the South Side Insurance Company, on which fifty dollars cash has been paid in, balance secured by note. Transferable in

person, or by attorney, on the books of said company, at their office in the city of Pittsburgh, on surrender of this certificate.

Witness, the seal of the company and the signatures of the president and secretary, at Pittsburgh, Pa., this 1st day of November, 1873.

R. B. BROWN,
President.

[SEAL.]　　　EDWARD KRIEG,
Secretary.

On August 8th, 1874, John Brown signed the blank powers of attorney for the transfer of said stock to an unnamed party on the back of each of said certificates, and delivered said certificates to the plaintiff as collateral security for the payment of a promissory note of that date for $1700, given by him to said plaintiff for money then loaned to him. The note was not paid, but on July 14th, 1875, was finally renewed at four months for $1700, and on its renewal Brown again pledged the stock as collateral, but the powers of attorney still remained in blank as aforesaid. This note still remains wholly due and unpaid. The said certificates of stock, ever since August 8th, 1874, have remained in the possession of the plaintiff, but he never gave any notice of such possession or of his interest therein, either to the South Side Fire Insurance Company or to the defendant, until March 13th, 1878, when he notified Lafferty thereof by the following letter:

"THOMPSON, BELL & CO., BANKERS,
PITTSBURGH, March 13th, 1878.

"HUGH LAFFERTY, ESQ., ASS. S. S. INS. CO.

"DEAR SIR: We hold fifty shares of the South Side Insurance Company stock of which you are assignee, and understand that a dividend or dividends have been paid. This stock is in certificate in name of John Brown, and we have held the same since the early part of 1874. Please take notice that the dividends on said stock are due and coming to us.　　　Yours truly,

"JAMES M. BELL,
"Cashier Western Savings Bank.

At No. 566, September Term, 1875, in the Court of Common Pleas, No. 1, of Allegheny County, Pennsylvania, on August 7th, 1875, upon the petition of its stockholders, the South Side Fire Insurance Company was decreed dissolved, and on May 13th, 1876, Hugh Lafferty was by the Court

appointed trustee of said company. At the dissolution of the company Brown appeared by its books to be the owner of the fifty shares of stock aforesaid, and there was nothing to indicate on the books any transfer of said stock by him.

On July 13th, 1876, out of the assets of the company, Lafferty declared a dividend to the stockholders of $15 per share, and on February 13th, 1877, a further dividend of $8 per share. Each of these dividends, at the time it was declared, was publicly advertised in the Pittsburgh *Daily Dispatch* on four successive days, but plaintiff, in point of fact, saw none of said advertisements.

At the time the company went into dissolution it was expected that its assets would pay to the stockholders fifty per cent. of the stock owned by them.

At the time the first dividend was declared the Union Savings and Deposit Bank presented to Lafferty the following paper:

"For value received, we, the undersigned, John Brown, R. A. Brown, and J. C. Brown, do hereby assign, transfer, and set over to the Union Savings and Deposit Bank that dividend of the South Side Fire Insurance Company soon to be declared by said South Side Fire Insurance Company, and estimated to be fifty per cent. of the entire amount of the stock now owned and paid up by us in said company. The same to be applied toward the payment of our note.

"Witness our hands and seals this 1st day of October, A.D. 1875.

"John Brown.        [SEAL.]
"R. B. Brown.        [SEAL.]
"John C. Brown."     [SEAL.]

By this paper Brown intended to transfer to said bank whatever might be realized upon the stock in the settlement of said company. On the faith of this paper, and without any knowledge or notice of the claim of James M. Bell, trustee, Lafferty paid the full amount of the first and second dividends, to wit, $1150, to the Union Savings and Deposit Bank.

On February 19th, 1879, Lafferty declared a third and final dividend of $1.50 per share of stock, but before he had paid over the amount thereof, viz., $75, accruing on Brown's stock, he received notice from the plaintiff, as set forth.

At the time of paying the dividends to said Union Savings and Deposit Bank the certificates were not produced or required to be produced by Lafferty.

[Bell v. Lafferty.]

It is the usual practice of all corporations to refuse to allow stock to be transferred without the return of an outstanding certificate.

The assignment was made to the Union Savings and Deposit Bank as collateral security for a debt actually due and owing by said Brown to the bank at the date of the exhibit.

If the Court should be of the opinion that upon the foregoing statement of facts, the plaintiff is entitled in this action to recover from the defendant any or all of the foregoing dividends declared by him, then judgment to be entered for the plaintiff and against the defendant for the amount of such of said dividends as the Court may be of opinion that the plaintiff is entitled to recover, with interest from the date at which said dividends were declared and costs of suit. And if the Court shall be of opinion that the plaintiff is not entitled in this action to recover any of said dividends, then judgment to be entered for defendant, with costs.

The Court entered judgment as follows:

" Under the facts within stated we are of opinion that the plaintiff is entitled to recover the amount of the dividend paid by the defendants after notice of plaintiff's claim, but not for the amount paid before such notice. Judgment is therefore now directed to be entered for plaintiff and against defendant for $75, with interest from the date said notice was given."

Plaintiff then took a writ of error, assigning as error the above ruling of the Court.

*Thomas M. Marshall* for plaintiff in error.

The mere fact that Bell had not transferred the stock on the books of the company is not important. He could have enforced his right at any time: Wood's Appeal, 11 Norris, 379. The assignment to the Union Savings Bank did not in terms cover the stock in question. Lafferty knew the certificates were out, and should have required their production: N. Y. & N. H. R.R. Co. v. Schuyler, 34 N. Y., 30. The advertisement of the dividends goes for nothing unless the plaintiff had actual notice.

*John S. Ferguson* for defendant in error.

Plaintiff has kept silence for four years. The corporation has been dissolved by decree of Court for over two years. Plaintiff cannot now invoke the doctrine of constructive notice.

R.R. Co. *v.* Schuyler, *supra,* has never been followed in this State. Our rule is that the certificate is but secondary evidence: Bank of Commerce's Appeal, 23 P. F. Smith, 59.

NOVEMBER 21ST, 1881.—PER CURIAM: The Court below were entirely right in giving judgment on the case stated only for the amount paid after notice of the plaintiff's claim. Until the defendant received such notice he was bound to pay to the party who appeared by the stock-book as the owner of the shares.

Judgment affirmed.